# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 4161 | **DATE** | 1/23/2012 |
| **CASE TITLE** | Westbrook vs. Boy Scouts of America | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, Defendant's motion for sanctions [42] is granted in part and denied in part.

■[ For further details see text below.]    Docketing to mail notices.

## STATEMENT

This matter is before the Court on Defendant's motion for sanctions [42], which Defendant seeks on account of Plaintiff's failure to timely comply with his discovery obligations in this case. By way of background, Plaintiff brought this discrimination lawsuit in July 2010. Fact discovery initially was set to close in March 2011. As Defendant's motion sets forth in detail, Plaintiff's repeated delays in responding to Defendant's written discovery led to the filing of a motion to compel. This Court referred that motion, along with all further discovery supervision, to Magistrate Judge Denlow.

Plaintiff failed to appear at the February 9, 2011 hearing on the motion to compel. Judge Denlow granted the motion and ordered Plaintiff to "provide Defendant with his initial disclosures and signed medical release on or before 3/2/2011 or plaintiff will be barred from relying upon any witness not disclosed or any documents not produced and Plaintiff will be barred from making any claims for damages which are not itemized." [29.] Plaintiff also was warned that failure to comply with Defendant's discovery requests would lead to a recommendation that Plaintiff's case be dismissed for want of prosecution. On March 8, after Plaintiff failed to comply and did not appear for the next status hearing, Judge Denlow closed the referral and recommended that the case be dismissed.

On March 15, April 19, and May 18, 2011, this Court held status hearings [see 36, 39, 41]. Following the April 19 hearing, the Court entered an order [39] reopening discovery – which had closed on March 23 – for the limited purpose of allowing Plaintiff a final opportunity to comply with Judge Denlow's prior orders. The Court gave Plaintiff a deadline of April 29 to mail to defense counsel "Plaintiff's initial disclosures, signed medical release, responses to requests to produce, and responses to interrogatories." As noted during the May 18 status hearing and further reflected in the attachments to the parties' filings on the instant sanctions motion, Plaintiff made some progress by the April 29 deadline and continued to supplement those responses between April 29 and May 18.

**STATEMENT**

On the basis of the discussions on the record at those status hearings, the Court declined to dismiss the case for want of prosecution, yet concluded that some sanction for Plaintiff's conduct in delaying the case likely was warranted. Accordingly, the Court gave Defendant permission to file a motion for sanctions and set a schedule for a response and reply on that motion. Having carefully considered the positions of the parties and the record as a whole, the Court concludes that although Plaintiff's progress in moving his case forward has fallen so far short of the mark, even for *pro se* litigants, that some sanctions are warranted, the panoply of sanctions sought by Defendant is excessive and thus will not be imposed.

While Plaintiff's conduct has delayed the case and caused Defendant to incur expenses in attending status hearings at which no progress was made because Plaintiff himself was not in attendance, Plaintiff made substantial efforts to come into compliance – albeit belatedly – with his written discovery obligations. In view of those efforts and the preference in this circuit for litigating cases on the merits, see *Gabriel v. Hamlin*, 514 F.3d 734, 736 (7th Cir. 2008), the Court remains of the view that dismissal for want of prosecution would not be appropriate at this time. Instead, the Court will impose less severe sanctions that it believes are proportionate in the circumstances.

Monetary sanctions in the form of attorneys' fees and costs often are an effective sanction for delays and other abuses in the discovery process. However, in the Court's view, this case presents circumstances that would "make an award of expenses unjust." *Arrington v. LaRabida Children's Hosp.*, 2007 U.S. Dist. LEXIS 31127, at *4 (N.D. Ill. Apr. 25, 2007). It is evident from the record that a principal reason for Plaintiff's delay in responding to Defendant's discovery requests has been Plaintiff's financial distress. Imposing a monetary sanction that Plaintiff is not in position to pay would be tantamount to a prospective dismissal order, which the Court already has concluded is too severe a sanction. Instead, the Court imposes the following sanctions:

1. Discovery will remain closed with the sole exception listed below;
2. Plaintiff is barred from using any documents and relying on any witnesses that were not disclosed before May 18, 2011;
3. Plaintiff is barred from making any claims for damages that were not itemized before May 18, 2011;
4. Plaintiff is barred from taking any further discovery;
5. Discovery is extended until 3/5/2012 for the sole purpose of allowing Defendant to take Plaintiff's deposition.

This case is set for further status on 3/20/2011 at 9:00 a.m., at which time the Court will ask whether the parties wish to consider a settlement conference or set a schedule for dispositive motions.