# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 4161 | **DATE** | 4/2/2013 |
| **CASE TITLE** | Westbrook vs. Boy Scouts of America | | |

**DOCKET ENTRY TEXT**

For the reasons set forth below, the Court denies Plaintiff's motion for reconsideration [77].

■[ For further details see text below.]     Docketing to mail notices. Notices mailed by Judicial staff.

## STATEMENT

**I. Background**

On July 6, 2010, Plaintiff filed a *pro se* complaint against Defendant Boy Scouts of America ("BSA"), alleging race and age discrimination and retaliation. The Court ordered fact discovery to close on March 23, 2011. From October 6, 2010 through March 8, 2011, Plaintiff failed to provide BSA with his initial disclosures, responses to BSA's written discovery requests, or his signed medical authorization and release, despite several court orders and motions by BSA. As a result, on March 8, 2011, Magistrate Judge Denlow issued a recommendation that the case be dismissed for want of prosecution. On March 15, 2011, this Court issued an order ordering Plaintiff to fully comply with Magistrate Denlow's March 8, 2011 Order by April 15, 2011. Despite the Court's order, from March 15, 2011 through June 8, 2011, Plaintiff failed to fully comply with Magistrate Denlow's March 8, 2011 order. As a result, on June 8, 2011, BSA filed a motion for sanctions against Plaintiff. The Court granted BSA's motion in part and denied it in part. Significantly, the Court held, among other things, that Plaintiff was barred from using any documents that he did not disclose prior to May 18, 2012.

On April 25, 2012, BSA filed a motion for summary judgment and supporting materials, including the required Notice to Pro Se Litigant Opposing a Motion for Summary Judgment. On April 26, 2012, the Court issued an order stating that Plaintiff's response to BSA's summary judgment motion was due by June 11, 2012 and that BSA's reply was due by June 25, 2012. On May 29, 2012, the Court gave Plaintiff additional time, until July 23, 2012, to file his response, and gave BSA until August 6, 2012, to file its reply. Plaintiff failed to file his response by the July 23, 2012 deadline, and, instead, on the afternoon of his deadline, Plaintiff called BSA's counsel and requested an extension. BSA's counsel objected to the extension because Plaintiff already had been given 88 days to respond to BSA's motion. Nonetheless, Plaintiff did not file his response that day. On July 24, 2012 at 5:28 p.m., Plaintiff sent an email to BSA's counsel attaching his untimely response. Plaintiff's response did not include any exhibits and was not been filed with the Court. On July 27, 2012, BSA filed a motion to

strike Plaintiff's response (even though it was never actually filed with the Court) and a motion to deems its Local Rule 56.1 Statement of Material Facts admitted.

On January 18, 2013, the Court granted BSA's motion for summary judgment in its entirety, granted in part and denied in part BSA's motion to strike, and granted BSA's motion to deem its Local Rule 56.1 Statement of Material Facts admitted. The Court noted in its Memorandum Opinion and Order that Plaintiff did not file his response with the Court at the time that he emailed the response to BSA's counsel. In fact, Plaintiff never filed his response with the Court or even attached it in its entirety to any of the motions or briefs he submitted prior to the entry of judgment. On February 11, 2013, Plaintiff filed his motion to reconsider the Court's order granting BSA's motion for summary judgment. Defendant has responded to the motion to reconsider. Plaintiff, despite having been given leave to do so, has failed to file a reply.

**II.      Legal Standard on Motion to Reconsider**

"Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996) (quotation omitted). In regard to the "manifest error" prong, the Seventh Circuit has explained that a motion to reconsider is proper only when "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir.1990); see also *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir.2000) ("A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" (quoting *Sedrak v. Callahan*, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997))). And with respect to newly discovered evidence, "the moving party must show not only that this evidence was newly discovered or unknown to it until after the hearing, but also that it could not with reasonable diligence have discovered or produced such evidence [during the pendency of the motion]." *Caisse Nationale*, 90 F.3d at 1269 (quotation omitted; alteration in original). In view of these exacting standards, it is not surprising that our court of appeals has opined that issues appropriate for reconsideration "rarely arise and the motion to reconsider should be equally rare." *Bank of Waunakee*, 906 F.2d at 1191.

**III.     Analysis**

In his motion for reconsideration, Plaintiff presents several arguments. First, Plaintiff argues that the Court should reconsider its decision granting BSA's motion for summary judgment because he allegedly mailed his response to BSA's motion to the Court by July 30, 2013 – one week after his July 23, 2013 deadline. As "evidence" that he mailed his untimely response to the Court, Plaintiff attached several U.S. Postal receipts to his motion for reconsideration. However, none of the receipts demonstrate that Plaintiff's response was timely sent to or ever received by the Court. Indeed, not one of the receipts is dated prior to Plaintiff's deadline to file his response to BSA's summary judgment motion. Instead, they are all dated after the July 23, 2012 deadline. Furthermore, not one delivery confirmation receipt is signed by a representative of the Court, and Plaintiff's response was never docketed. Although *pro se* litigants benefit from various procedural protections–for instance, in this case, Plaintiff received both the Notice to Pro Se Litigants Opposing Summary Judgment and a three-month window in which to file his response–they are "not entitled to a general dispensation from the rules of procedure or court imposed deadlines." *Jones v. Phipps*, 39 F.3d 158, 165 (7th Cir. 1994). Even if the Court accepts Plaintiff's assertion that he attempted to file his response with the Court, the response still was untimely. Given the ample time that Plaintiff had to file his response as well as his repeated failure to comply with discovery obligations and deadlines in this case, Plaintiff's failure to file his response with the Court will not be excused. See *McNeil v. United States*, 508 U.S. 106, 113 (1993) ("we have never suggested that procedural rules

**STATEMENT**

in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel"); *S.E.C. v. Spadaccini*, 256 Fed. Appx. 794, 795 (7th Cir. 2007) (same).

Plaintiff also argues that, pursuant to Federal Rule of Civil Procedure 59(a)(1) and (2) and 59(d) and (e), the Court should reconsider its decision granting BSA's motion for summary judgment. However, Plaintiff has failed to demonstrate either a "manifest error of law or fact" or any "newly discovered evidence." Instead, Plaintiff simply rehashes old arguments or presents new arguments, which is improper. As set forth in detail in the Court's memorandum opinion and order, the record, viewed in the light most favorable to Plaintiff, fails to demonstrate any race or age discrimination or retaliation on the part of BSA. With respect to discrimination, Plaintiff failed to provide any evidence of similarly situated applicants who were terminated for cause by the Crossroads of America Council ("CAC") (or any other local council) and had their professional commission reactivated by the BSA. In fact, Plaintiff testified during his deposition that he was not aware of anyone who was discharged for cause by Crossroads of America and then recommissioned by BSA or who had been discharged by Crossroads of America and then reinstated. See, *e.g., Pafford v. Herman*, 148 F.3d 658, 669 (7th Cir. 1998) (affirming summary judgment for defendant where plaintiff could not establish that she was treated less favorably than similarly situated individuals). Furthermore, BSA had legitimate, nondiscriminatory reasons for rejecting Plaintiff's request for reactivation, and the record demonstrates that it is the BSA's policy not to recommission an applicant when the applicant either was discharged for cause by the local council or resigned twice. The CAC previously terminated Plaintiff's employment for cause, and, as a result, BSA rejected Plaintiff's request for reactivation of his professional commission. Plaintiff's arrest, contempt of court, and incarceration, which caused him to miss work for more than 30 days, were legitimate, nondiscriminatory reasons for rejecting Plaintiff's request for reactivation. Nothing in Plaintiff's motion to reconsider changes the fact that Plaintiff simply does not have evidence to support claims for race and age discrimination.

Similarly, with respect to his retaliation claim, Plaintiff presented nothing more than his speculative belief that his request for reactivation of his professional commission was rejected because of his "complaint" of the CAC allegedly having "paper units." As previously set forth, BSA had legitimate, nondiscriminatory reasons for rejecting his request for reactivation of his professional commission and Plaintiff's subjective beliefs regarding his complaint about "paper units" were insufficient to defeat summary judgment. See, *e.g., Stephens* v. Erickson, 569 F.3d 779, 786 (7th Cir. 2009) (noting that "inferences relying on mere speculation or conjecture will not suffice").

For all of the reasons set forth above, Plaintiff's motion for reconsideration is denied.