# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 4161 | **DATE** | 6/14/2013 |
| **CASE TITLE** | Westbrook vs. Boy Scouts of America | | |

**DOCKET ENTRY TEXT**

Before the Court are Plaintiff's motion for transcript fee waiver [90] and motion for remand for revision of judgment [91]. For the reasons stated below, the Court denies Plaintiff's motion for transcript fee waiver [90] without prejudice; should Plaintiff wish to re-file this motion, he may do so in conformance with the order below and no later than 6/28/2013. The Court also denies Plaintiff's motion for remand [91].

■[ For further details see text below.]   Docketing to mail notices.

# STATEMENT

### I. Background

After the Court granted Defendant's motion for summary judgment [74, 75, 76] and denied Plaintiff's motion to reconsider [81, 82], Plaintiff filed a notice of appeal [84]. Plaintiff's appeal is currently pending before the Seventh Circuit. See Case No. 13-1931.

In connection with his appeal, Plaintiff filed in the Seventh Circuit motions for transcript fee waiver and for remand for revision of judgment. See Case No. 13-1931, Dkt. 5 & 7. The Court of Appeals denied the motion for transcript fee waiver without prejudice to its renewal before this Court. See *id.* Dkt. 8. The Court of Appeals also denied Plaintiff's motion to remand for revision and directed him to "raise any arguments in favor of remand in his brief on the merits." *Id.* Dkt. 10. Plaintiff re-filed both motions in this Court. See [90], [91].

The Court notes that as a general rule, "[t]he filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *United States v. Ali*, 619 F.3d 713, 722 (7th Cir. 2010) (citing *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982)). There are exceptions to this rule, however, and Plaintiff's motion for remand for revision [91] falls within one. "District courts possess limited authority to deny Rule 60(b) motions while an appeal is still pending, allowing the court of appeals to make its resolution a final one, knowing that a district court has no desire to amend its ruling. * * * Conversely, in the event a district court is inclined to grant the motion, it can make [the Court of Appeals] aware of its intention and [the Court of Appeals] will remand the entire case for that purpose." *Ameritech Corp. v. Int'l Bhd. of Elec. Workers, Local 21*, 543 F.3d 414, 418-19 (7th Cir. 2008); see also 7th Cir. R. 57. Likewise, the Court may consider Plaintiff's motion for transcript fee waiver [90]. 28 U.S.C. § 753(f) permits either a "trial judge" or a "circuit judge" to certify that an appellant is entitled to a waiver of transcript fees,

and, moreover, the Seventh Circuit expressly directed Plaintiff to file the motion before this Court.

**II.     Motion for Remand for Revision**

Plaintiff filed his motion for remand pursuant to Federal Rules of Civil Procedure 60(b)(1) and (b)(3) and Seventh Circuit Rule 57. Rule 60(b) permits the Court to relieve a moving party from a final judgment for various reasons, including "mistake, inadvertence, surprise, or excusable neglect," Fed. R. Civ. P. 60(b)(1), and "fraud * * *, misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(3). Circuit Rule 57 provides that "[a] party who during the pendency of an appeal has filed a motion under Fed. R. Civ. P. 60(a) or 60(b) * * * should request the district court to indicate whether it is inclined to grant the motion. If the district court is so inclined, [the Court of Appeals] will remand the case for the purpose of modifying the judgment."

Plaintiff requests that the Court indicate whether it is inclined to modify its judgment in light of his attempts to timely file a reply brief in support of his motion for reconsideration. See [91]. The Court is not so inclined.

Pursuant to the briefing schedule on Plaintiff's motion for reconsideration, Defendant's response brief was due March 6, 2013, and Plaintiff's reply was due March 20, 2013. See [79]. Defendant timely filed its response brief on March 6, along with a certificate of service indicating that it served Plaintiff with a copy of the brief via U.S. Mail. See [80]. Service by U.S. Mail is proper and is complete upon mailing. See Fed. R. Civ. P. 5(b)(2)(C). Plaintiff concedes that Defendant's filing was timely, see [91], but contends that he was not properly served with a copy of the brief in a timely fashion. He ultimately received a copy of Defendant's brief on March 12, 2013, and claims that this delay in receipt "caused the Plaintiff to delay in composing and mailing [his] Reply until March 19, 2013." [91]. Plaintiff filed his reply brief on March 25, 2013, five days after the deadline. See [81]. Plaintiff did not file a motion for extension of time to file the brief. He claims instead to have telephoned the Courtroom Deputy on March 11, 2013 to inform her that he had not yet received a copy of Defendant's response. Plaintiff contends that he believed the call operated as a request for – and, apparently, a grant of – an extension of time. See *id.*

Because the Court had not in fact granted Plaintiff an extension of time, the Court did not consider Plaintiff's untimely filing in its initial order denying the motion for reconsideration. See [82]. However, the Court later reviewed the filing and entered the following minute order [83] (emphasis added):

> In its order [82] denying Plaintiff's motion for reconsideration [77], the Court noted that Plaintiff was given leave to file a reply brief by March 20, 201[3], and failed to do so. Plaintiff eventually filed his reply brief on March 25, 2013, but did not request an extension of time to file his brief and thus the reply was untimely. As indicated on several prior occasions, Plaintiff's repeated failure to comply with deadlines in this case need not be excused. See *McNeil v. United States*, 508 U.S. 106, 113 (1993). <u>Even if the Court were to excuse Plaintiff's untimely filing (the Court does not), the Court has considered the arguments raised by Plaintiff in his reply brief and concludes that none of the arguments change[s] the disposition of Plaintiff's motion for reconsideration.</u> This case remains closed.

In short, even after considering Plaintiff's reply brief, the Court concluded that there was no valid reason for reconsidering its prior ruling in favor of Defendant. Simply put, none of the arguments made in the reply brief, or in Plaintiff's opening brief in support of the motion, demonstrated that reconsideration of the summary judgment order was warranted. Plaintiff's belated excuses for his untimely filing thus are entirely

beside the point. Untimely or not, every single argument put forward by Plaintiff has been considered and rejected by the Court, and the adjudication on the merits in favor of Defendant therefore stands.
Plaintiff has not demonstrated the "exceptional circumstances" required for the Court to provide the "extraordinary remedy" made available by Rule 60. See *Bakery Mach. & Fabrication, Inc. v. Traditional Baking, Inc.*, 570 F.3d 845, 848 (7th Cir. 2009). Plaintiff points to his *pro se* status and Defendant's alleged dalliance as the reasons for his failure to properly seek an extension of time. See [91]. Plaintiff has not demonstrated that Defendant acted in contravention of any rules, see Fed. R. Civ. P. 5(b)(2)(C), or otherwise engaged in prejudicial misconduct such that relief is warranted under Rule 60(b)(3). See *Wickens v. Shell Oil Co.*, 620 F.3d 747, 758-59 (7th Cir. 2010). He likewise has failed to demonstrate the sort of mistake, inadvertence, surprise, or excusable neglect required to obtain relief under Rule 60(b)(1). Although *pro se* litigants are afforded various procedural protections, they are not entitled to a general dispensation from the rules of procedure or court-imposed deadlines. *Jones v. Phipps*, 39 F.3d 158, 163 (7th Cir. 1994). As the Court explained in its order denying Plaintiff's motion for reconsideration [82], Plaintiff repeatedly failed to comply with discovery and deadlines despite the Court's leniency. And finally – and most importantly – Plaintiff suffered no prejudice as a result of his failure to properly request and obtain an extension of time for the filing of the reply brief because the Court did consider the brief and determined that nothing in that brief supported reconsideration of the disposition on summary judgment.

The bottom line is that the Court adheres to its ruling that Defendant is entitled to summary judgment on Plaintiff's claims. As set forth in detail in the Court's memorandum opinion and order [75], the record, viewed in the light most favorable to Plaintiff, failed to demonstrate any race or age discrimination or retaliation on the part of Defendant. With respect to discrimination, Plaintiff has been unable to provide any evidence of similarly situated applicants who were terminated for cause by the Crossroads of America Council ("CAC") (or any other local council) and had their professional commission reactivated by Defendant. In addition, Defendant had legitimate, nondiscriminatory reasons for rejecting Plaintiff's request for reactivation, and the record demonstrates that it is Defendant's policy not to recommission an applicant when the applicant either was discharged for cause by the local council or resigned twice. The CAC previously terminated Plaintiff's employment for cause, and, as a result, Defendant rejected Plaintiff's request for reactivation of his professional commission. Plaintiff's arrest, contempt of court, and incarceration, which caused him to miss work for more than 30 days, were legitimate, nondiscriminatory reasons for rejecting Plaintiff's request for reactivation.

For all of these reasons, Plaintiff's motion for remand for revision [91] is denied in its entirety.

**III.    Motion for Transcript Fee Waiver**

Plaintiff, who is proceeding *pro se* and *in forma pauperis* [FN1], also filed a motion to obtain "all parts of the transcript not already on file" at no cost. [90].

> [FN1]  Federal Rule of Appellate Procedure 24(a)(3) permits a party authorized to proceed in forma pauperis in his district court action to proceed on appeal *in forma pauperis* without further authorization unless the district court certifies in writing, either before or after the notice of appeal is filed, that the appeal is not taken in good faith or that the party is not otherwise entitled to proceed *in forma pauperis*. This Court granted Plaintiff leave to proceed *in forma pauperis*, see [4, 6], and has not yet certified in writing that the appeal is not taken in good faith.

**STATEMENT**

Pursuant to 28 U.S.C. § 753(f), "[f]ees for transcripts furnished * * * to persons permitted to appeal in forma pauperis shall * * * be paid by the United States if the trial judge or a circuit judge certifies that the appeal is not frivolous (but presents a substantial question)." "An appeal is 'frivolous' if the 'result is obvious' or 'the appellant's argument is wholly without merit.'" *Wiese Cmty. Bank of Cent. Wis.*, 552 F.3d 584, 591 (7th Cir. 2009) (quoting *Wisconsin v. Ho-Chunk Nation*, 463 F.3d 655, 662 (7th Cir. 2006)); see also *Edwards v. Snyder*, 478 F.3d 827, 829-30 (7th Cir. 2007) ("A claim is factually frivolous if its allegations are bizarre, irrational, or incredible. * * * [A] claim may be properly characterized as legally frivolous if it lacks an arguable basis in law or is based on an indisputably meritless legal theory."). By contrast, an appeal presents a "substantial question" if "it presents a close question or one that very well could be decided the other way." *United States v. Eaken*, 995 F.2d 740, 741 (7th Cir. 1993) (quotations omitted). In assessing requests for transcripts under 28 U.S.C. § 753(f), courts also consider whether the requesting party has demonstrated a particular need for the requested transcripts. See, *e.g.*, *Eckman v. Lancaster City*, 2013 WL 1113262, at *1 (3d Cir. Mar. 19, 2013); *Davis v. Davis*, 405 F. App'x 279, 280 (10th Cir. 2010); *Hoover v. Lindsey*, 74 F. App'x. 371, 372 (5th Cir. 2003) (per curiam); *Norton v. Dimazana*, 122 F.3d 286, 293 (5th Cir. 1997); *Ekweani v. Ameriprise Fin., Inc.*, 2010 WL 1541583, at *1 (D. Ariz. Apr. 19, 2010); *Abbas v. Senkowski*, 2008 WL 512985, at *1 (N.D.N.Y. Dec. 5, 2008).

Here, Plaintiff has requested "all parts of the transcript not already on file." This broadly worded request potentially reaches all of the hearings conducted in this case. Plaintiff has not specified how any of the requested transcripts – most if not all of which document routine status and motion hearings – are pertinent to the issues that he plans to raise on appeal. Moreover, he has not indicated what issues he plans to raise on appeal, which precludes the Court from determining at this time whether the appeal is frivolous (or taken in good faith) and whether any transcripts are necessary to its prosecution. Accordingly, Plaintiff's motion for transcript fee waiver [90] is respectfully denied without prejudice. Plaintiff may renew his request by filing no later than 6/28/2013 a renewed motion that includes a statement detailing the "substantial question(s)" presented by his appeal, the dates of the hearings that he believes are pertinent to those questions, and why he believes the requested transcripts are necessary to the prosecution of his appeal.